
FILED
2021 Nov-09 PM 02:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **TONY ELTON GILMORE,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | **Case No.: 5:20-cv-01677-ACA** |
| } | |
| **COMISSIONER,** } | |
| **SOCIAL SECURITY** } | |
| **ADMINISTRTAION,** } | |
| } | |
| **Defendant.** } | |

## **MEMORANDUM OPINION**

Plaintiff Tony Elton Gilmore appeals the decision of the Commissioner of Social Security denying his claim for supplemental security income. Based on the court's review of the administrative record and the parties' briefs, the court **WILL AFFIRM** the Commissioner's decision.

### I.   PROCEDURAL HISTORY

On December 21, 2018, Mr. Gilmore applied for a period of disability, disability insurance benefits, and supplemental security income alleging that his disability began on February 17, 2012. (R. at 54, 117). The Commissioner initially denied Mr. Gilmore's claims (*id.* 64–69), and Mr. Gilmore requested a hearing before an Administrative Law Judge regarding only the Commissioner's denial of

his supplemental security income claim (*id*. at 71).  After holding a hearing (*id*. 31–52), the ALJ issued an unfavorable decision (*id*. at 12–24).  The Appeals Council denied Mr. Gilmore's request for review (*id*. at 1–3), making the Commissioner's decision final and ripe for the court's judicial review under 42 U.S.C. §§ 450(g), 1383(c).

## II.    STANDARD OF REVIEW

The court's role in reviewing claims brought under the Social Security Act is a narrow one.  The court "must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards."  *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quotation marks omitted).  "Under the substantial evidence standard, this court will affirm the ALJ's decision if there exists such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (quotation marks omitted).  The court may not "decide the facts anew, reweigh the evidence, or substitute [its] judgement for that of the [ALJ]."  *Winschel*, 631 F.3d at 1178 (quotation marks omitted).  The court must affirm "[e]ven if the evidence preponderates against the Commissioner's findings."  *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004) (quotation marks omitted).

Despite the deferential standard for review of claims, the court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Henry*, 802 F.3d at 1267 (quotation marks omitted). Moreover, the court must reverse the Commissioner's decision if the ALJ does not apply the correct legal standards. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145–46 (11th Cir. 1991).

### III.  ALJ'S DECISION

To determine whether an individual is disabled, an ALJ follows a five-step sequential evaluation process. The ALJ considers:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel*, 631 F.3d at 1178.

Here, the ALJ determined that Mr. Gilmore had not engaged in substantial gainful activity since he filed his application. (R. at 17). The ALJ found that Mr. Gilmore's chronic kidney stones, emphysema, hypertension, obesity, and skin disorders were severe impairments, but that his depression and anxiety were non-severe impairments. (*Id*. at 17–18). The ALJ then concluded that Mr. Gilmore does

3

not suffer from an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (*Id*. at 19).

After considering the evidence in the record, the ALJ determined that Mr. Gilmore has the RFC to perform light work with a number of physical and environmental limitations. (*Id*.). Based on this RFC and the testimony of a vocational expert, the ALJ found that jobs existed in the national economy that Mr. Gilmore could perform, including as a cashier, hand packager, or ticket marker. (*Id*. at 23). Accordingly, the ALJ determined that Mr. Gilmore has not been under a disability, as defined in the Social Security Act, from December 21, 2018[1] through the date of the decision. (*Id*.).

## IV. DISCUSSION

Mr. Gilmore challenges the ALJ's formulation of his RFC and asks this court to reverse the Commissioner's decision. (Doc. 12 at 4). Specifically, Mr. Gilmore argues that "no substantial evidence supports the ALJ's finding that the claimant can

---

[1] Although Mr. Gilmore claims his disability began in February 2012, a claimant only becomes eligible for supplemental security income in the first month where he is both disabled and has an application on file. 20 C.F.R. § 416.202(g), *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). Mr. Gilmore did not file his application until December 2018. (R. at 54). And he only challenges the Commissioner's decision regarding his supplemental security income claim. (*Id*. at 71). Therefore, the relevant period for determining disability in this case is December 2018 to February 2020, which is the month in which the ALJ made its decision. (*Id*. at 12).

maintain the necessary persistence and pace to remain on task at least 90% of each work day and that he would have fewer than 12 absences from work in a year." (*Id*.)

The "RFC is an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities." SSR 96-8p, 1996 WL 374184 at *1 (July 2, 1996). The ALJ must consider all relevant evidence, including medical source statements, medical and laboratory findings, and the claimant's description of her own symptoms. 20 C.F.R. § 404.1545(a)(3). "[T]he claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

Here, the ALJ determined that Mr. Gilmore retained the RFC to perform light exertion work with a number of physical and environmental limitations. (R. at 19). At Mr. Gilmore's hearing, a vocational expert testified that such jobs exist but that, to maintain successful employment, an employee must remain on task for 90% of the time and be absent no more than one day per month. (*Id*. at 51). The ALJ does not specifically address whether Mr. Gilmore could meet these two requirements, but Mr. Gilmore interprets the ALJ's decision as implying that he could do so. Mr. Gilmore argues that his severe impairments require him to spend excessive time off-

task and absent and therefore preclude him from meeting this standard. (Doc. 12 at 8).

Specifically, Mr. Gilmore points to his forty-seven emergency room visits over the span of seventy-three months, as well as his frequent kidney stones, as proof that he could not meet the requirements for successful employment set forth by the vocational expert. (*Id*. at 6–7). He argues that the totality of the evidence supports his position and the ALJ erred by focusing only on the few favorable reports that exist in the record. (*Id*. at 7–8). Mr. Gilmore argues that those few favorable reports do not rise to the level of substantial evidence of his ability to maintain successful employment and that, "[g]iven the vocational expert's testimony establishing that off task behavior and absenteeism would preclude all work in the national economy, the ALJ's decision should be reversed." (*Id*. at 8).

In response, the government argues that "[t]he medical evidence does not indicate that Plaintiff was as limited as he claimed and instead provides substantial evidence to support the ALJ's RFC finding." (Doc. 13 at 8). The record supports the government's position. In reaching his decision, the ALJ considered extensive evidence related to Mr. Gilmore's impairments, including Mr. Gilmore's own testimony and his medical records. (R. at 19–22). The ALJ noted numerous medical records inconsistent with Mr. Gilmore's own statements regarding the intensity and persistence of his symptoms. (*Id*. at 21–22). For instance, the ALJ referenced a

number of hospital visits where Mr. Gilmore's conditions were mild upon entry and improved upon discharge. (*See id*. at 21). He also referenced numerous medical visits throughout the record where Mr. Gilmore's physical examinations revealed normal conditions. (*Id*.). According to the ALJ, the medical evidence in the record indicates a "response to treatment and the absence of substantive deterioration." (*Id*. at 22).

Notably, the ALJ does not dispute that Mr. Gilmore suffers from frequent and intense pain because of his severe medical conditions. However, after reviewing Mr. Gilmore's medical records, the ALJ determined that those records "do not show impairments so severe as to preclude all physical demands," and that accordingly, Mr. Gilmore was not disabled. (R. at 23). Essentially, Mr. Gilmore asks the court to impermissibly "decide facts anew, reweigh the evidence, or substitute" the court's "judgement for that of the" Commissioner. *Winschel*, 631 F.3d at 1178 (quotation marks omitted); *see also Crawford*, 363 F.3d at 1158–59 ("Even if the evidence preponderates against the Commissioner's findings, we must affirm if the decision reached its supported by substantial evidence.") (quotation marks omitted). The court will not disturb the ALJ's determination, which the court finds is supported by substantial evidence.

V.   **CONCLUSION**

Substantial evidence supports the ALJ's denial of Mr. Gilmore's application for supplemental security income. Therefore, the court **WILL AFFIRM** the Commissioner's decision.

The court will enter a separate order consistent with this memorandum opinion.

**DONE** and **ORDERED** this November 9, 2021.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE